IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD RAY WALKER, #43473-177, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2912-M-BK |
| | § | (CRIMINAL NO. 3:11-CR-250-M-1) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening. On October 17, 2016, Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. Doc. 1. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

On January 24, 2012, Petitioner pled guilty to conspiracy to distribute a controlled substance and, on March 15, 2013, was sentenced to 220 months' imprisonment. Crim. Doc. 419; Crim. Doc. 1417. He did not file a direct appeal, and the Court subsequently denied his motion to reduce sentence under the 2014 Drug Guidelines Amendment. Crim. Doc. 1724. In this section 2255 motion, Petitioner claims he should have received a role adjustment for minor or minimal participation under United States Sentencing Guideline section 3B1.2, as clarified by

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Guideline Amendment 794.[2] *See* Doc. 1 at 1. He argues that he "does not meet the conditions of the 'leader/organizer' enhancement" and thus qualifies for a "'Minor Role' reduction."[3] *Id*. at 1. Petitioner also challenges the enhancement of his sentence for possession of a dangerous weapon, relying on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 28 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte* after providing notice and opportunity to respond. *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

In response to the court's order, Petitioner reiterates his *Johnson* claim and cites to *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), which held that, for purposes of determining whether an offense qualifies as an ACCA predicate, the modified categorical approach may be used when a statute is divisible by elements, as opposed to means. Petitioner also seeks to stay this case pending the Supreme Court's opinion in *Beckles v. United States*, 616

---

[2] Amendment 794, which became effective on November 1, 2015, did not alter the text of U.S.S.G. § 3B1.2, but merely clarified that the court should compare the defendant's role to that of the other participants in the criminal activity at issue, and not to that of participants in other, similar crimes. USSG §3B1.2, comment 3(A).

[3] The Court deems the section 2255 motion filed on October 11, 2016, the date Petitioner signed it and presumably placed it in the prison mailing system. Doc. 1 at 23. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

Fed. Appx. 415 (11th Cir. 2015), *cert. granted*, ___ U.S. ___, 136 S. Ct. 2510 (2016).

### A.  Limitations

Petitioner apparently relies on 28 U.S.C. § 2255(f)(3) and *Johnson* to overcome the one-year limitations period in section 2255(f)(1) since, otherwise, his section 2255 motion is clearly untimely.  Doc. 4 at 1.  Over three and one-half years elapsed since his conviction first became final in March 2013.  *See Clay v. United States*, 537 U.S. 522, 525 (2003) (a judgment becomes final when the applicable period for seeking direct review of a conviction has expired); FED. R. APP. P. 4(b)(1)(A) (setting out time to file a direct appeal).  [4]  However, the deadline for filing a *Johnson* claim was one year from the date on which the Supreme Court first recognized the right at issue.  *See Dodd v. United States*, 545 U.S. 353, 359 (2005) (one-year limitations period runs from the date on which Supreme Court initially recognized the right asserted, regardless of when it is made retroactively applicable).  *Johnson* was decided on June 26, 2015, and thus the deadline for raising a *Johnson* claim under section 2255 was June 26, 2016.   The earliest possible date on which Petitioner's motion can be deemed filed is October 11, 2016.  Section 2255(f)(3) is, therefore, not applicable in this case, and the section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

### B.  Equitable Tolling

Petitioner posits no facts from which the Court can find that equitable tolling applies.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show

---

[4] Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The Supreme Court recently found *Johnson* retroactively applicable to cases on collateral review in *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case, *Id.* at 365, and the section 2255 motion should be dismissed as time barred.

### C. *Johnson* Claim

Even if timely, Petitioner's reliance on *Johnson* is misplaced. *Johnson* has no bearing on Petitioner's case, since his sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA). Rather the Presentence Report (PSR) (which was adopted at sentencing) calculated Petitioner's base offense level for drug possession and the two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1. *See* Crim. Doc. 717-1 at 30, PSR ¶¶ 111-112; Crim. Doc. 1418 at 1 (Statement of Reasons).

Additionally, even assuming the Supreme Court finds *Johnson* retroactively applicable to the career offender provision in *Beckles*, Petitioner was not sentenced as a career offender as previously noted. Thus, his claims are not premised on a penal statute or Sentencing Guidelines

provision that contains or incorporates any clauses resembling the ones found unconstitutional in *Johnson*.

### D. Amendment 794

Moreover, even if the section 2255 motion were timely, Petitioner's objection to the calculation of the sentencing guidelines is not cognizable in a section 2255 action. Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), which held that Amendment 794 was a "clarifying amendment," and therefore applied retroactively on direct appeal. *Quintero-Leyva*, 823 F.3d at 522-23. Doc. 1 at 1, 7. However, that holding is inapposite since Petitioner seeks collateral, rather than direct review.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231‑32 (5th Cir. 1991) (*en banc*)). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (internal citation omitted) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)). [5]

---

[5] The record reflects Petitioner received a four-level enhancement because he was the leader of a drug trafficking organization, and he did not object to that conclusion of the PSR writer or to the Court's adoption of the PSR "without change." Crim. Doc. 717-1 at 31, PSR ¶ 116; Crim. Doc. 1418 (Statement of Reasons). Notably, defense counsel accepted the PSR without objection. Crim. Doc. 1243 at 1.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2255(f).

**SIGNED** November 30, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE